Requestor: Joseph Lavorando, Esq. Board of Fire Commissioners of the Saranac Fire District 30 Clinton Street Plattsburgh, N.Y. 12901
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person may serve simultaneously as elected town assessor and as a member of the board of fire commissioners. Your concern is that there is a conflict between the levy of fire district taxes on the one hand and the levy of town taxes on the other.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
The board of fire commissioners annually prepares and files with the town budget officer detailed estimates of the expected revenues and expenditures to be made during the next fiscal year for the purposes of the fire district. Town Law § 181. The town board may not make any changes in the estimate submitted by the board of fire commissioners.Ibid. Following adoption of the annual budget by the town board, the county legislative body is required to assess and levy upon taxable real property within the fire district the amounts to be raised by tax as specified in the fire district budget. Ibid. Once the taxes are collected, the proceeds are to be paid to the supervisor of the town and he must immediately transfer the funds to the treasurer of the fire district. Ibid.
We see no conflict between the positions of town assessor and member of the board of fire commissioners. The town assessor determines the value of real property for purposes of taxation. This function determines the allocation of the tax burden among the properties in the assessing unit. It has no effect upon the amount of tax revenues to be received by the fire district.
We conclude that the positions of town assessor and member of a fire district board of commissioners are compatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.